UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SCHROEDER                                CIVIL ACTION

VERSUS                                   NO: 09-3647

GREATER NEW ORLEANS FEDERAL              SECTION: "J" (4)
CREDIT UNION ET AL.

**ORDER AND REASONS**

Before the Court are Defendants Greater New Orleans Federal Credit Union and CUMIS Insurance Society's **Motion for Partial Summary Judgment (Rec. Doc. 210)**, Plaintiff's opposition to same **(Rec. Doc. 215)**, and Defendants' reply thereto **(Rec. Doc. 223)**. Also before the Court are Plaintiff's **Motion in Limine Regarding Punitive Damages under 12 U.S.C. § 1790(b) (Rec. Doc. 238)** and Defendants' reply thereto **(Rec. Doc. 257)**. Defendants' Motion for Partial Summary Judgment is set for hearing on October 24, 2012, on the briefs, without oral argument. Plaintiff's Motion in Limine is set for hearing on November 21, 2012, on the briefs, without oral argument. Because these motions concern similar questions of law and fact, they are considered together in this

1

Order. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' Motion for Partial Summary Judgment should be **GRANTED in part** and **DENIED in part** for the reasons set out more fully below. Likewise, the Court finds that Plaintiff's Motion in Limine should be **DENIED** for the reasons set out more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This action arises out of whistleblower claims brought under the following statutes: the Louisiana Whistleblower Protection Act, La R.S. 23:967; the Federal Credit Union Act, 12 U.S.C. § 1970(b); 12 U.S.C. § 1831(j); 18 U.S.C. § 1513(e); and 31 U.S.C. § 5328. On May 22, 2009 Plaintiff, Mary Evelyn Schroeder ("Ms. Schroeder"), filed this action, naming as Defendants the Greater New Orleans Federal Credit Union ("GNOFCU") and CUMIS Insurance Society ("CUMIS)."[1] Plaintiff's complaint alleges, generally, that she was demoted and eventually terminated from her position as a collections manager at GNOFCU after reporting irregular and illegal lending activities. See generally, Compl., Rec. Doc. 1.

On November 15, 2010, this Court issued an order addressing a previous motion for summary judgment filed by Defendants. Rec.

---

[1] In Plaintiff's original complaint she refers to CUMIS as "CUNA Mutual Insurance Society;" however, Plaintiff later amended her complaint to include the aforementioned Defendant. See First Amended Compl., Rec. Doc. 27.

Doc. 192; <u>Schroeder v. Greater New Orleans Fed. Credit Union</u>, No. 09-3647, 2010 WL 4723357 (E.D. La. Nov. 15, 2010). In that order, the Court dismissed all of Plaintiff's claims, finding that Plaintiff's claims were precluded as a matter of law. <u>Schroeder</u>, 2012 WL 4723357 at *6-12. Plaintiff appealed this Court's decision to the United States Court of Appeals for the Fifth Circuit, seeking review of the Court's determination that Plaintiff was foreclosed from bringing her state law claims under La. R.S. 23:967 and her federal claims under 12 U.S.C. § 1790(b).[2] On December 19, 2011, the Fifth Circuit vacated this Court's judgment and remanded the case for further proceedings in accordance with its opinion. <u>Schroeder v. Greater New Orleans Fed. Credit Union</u>, 664 F.3d 1016, 1026 (5th Cir. 2011). In vacating the Court's judgment, the Fifth Circuit determined that there were material issues of fact which precluded summary judgment on Plaintiff's claims under La. R.S. 23:967 and 12 U.S.C. § 1970(b). <u>Id.</u> at 1025-26.

On October 9, 2012, Defendants filed the instant Motion for Partial Summary Judgment, asserting that, despite the Fifth Circuit's previous ruling, there are still matters in this case

---

[2]On appeal, Plaintiff did not request review of this Court's determination that Plaintiff had no claims under 12 U.S.C. § 1831(j),18 U.S.C. § 1513(e), and 31 U.S.C. § 5328.

that are "ripe" for summary judgment. Plaintiff submitted her opposition on October 16, 2012, with Defendants replying on October 26, 2012. Likewise, Plaintiff submitted her own Motion in Limine on October 29, 2012. Plaintiff's motion addresses one of the same questions presented in Defendant's summary judgment motion, whether or not punitive damages are appropriate under 12 U.S.C. § 1790(b). Defendants replied in opposition to Plaintiff's motion on November 13, 2012.

## THE PARTIES' ARGUMENTS

Defendants argue that Plaintiff's claims under La. R.S. 23:967, 12 U.S.C. § 1831(j), 18 U.S.C. § 1513(e), 31 U.S.C. § 5328, and Plaintiff's punitive damages claims under 12 U.S.C. § 1790(b) must be dismissed as a matter of law. Specifically, as to Plaintiff's claims under 12 U.S.C. § 1831(j), 18 U.S.C. § 1513(e), and 31 U.S.C. § 5328, Defendants reurge the arguments that they presented in their previous motion for summary judgment on these claims. <u>See</u> Rec. Doc. 146. Defendants note that this Court dismissed these claims in its previous order; however, because that order was vacated by the Fifth Circuit on other grounds, they again seek summary judgment on these claims "[i]n an abundance of caution." Def. Mem. in Supp., Rec. Doc. 210-1, p. 1 n.1.

4

As to Plaintiff's claims under La. R.S. 23:967, Defendants contend that Plaintiff cannot establish the first element of her case under this statute and, therefore, Defendants are entitled to judgment as a matter of law. Defendants assert that they seek summary judgment on this claim on different grounds than those asserted in their previous motion for summary judgment. Thus, Defendants argue, despite the Fifth Circuit's ruling that there are material issues of fact which precluded summary judgment on Plaintiff's claim under La. R.S. 23:967, this Court can still find that Plaintiff's state law claims are precluded as a matter of law.

Lastly, with regard to an award of punitive damages and attorneys' fees under 12 U.S.C. § 1790(b), Defendants note that neither this Court nor the Fifth Circuit has ruled on these issues in previous decisions and, therefore, they are appropriate for summary judgment at this time. As to the merits of their summary judgment argument, Defendants contend that punitive damages are not allowed under the plain language of 12 U.S.C. § 1790(b). Defendants argue that a reading of 12 U.S.C. § 1790(b)'s remedy section reveals that Congress did not intend for courts to provide plaintiffs with any award beyond compensatory damages. In particular, Defendants focus on the statutory language which

states that the court may take actions "'to remedy any past discrimination.'" Defs. Mem. in Supp., Rec. Doc. 210-1, p. 18 (quoting 12 U.S.C. 1790(b)(c)(a)(3)). Therefore, Defendants contend that this Court must act in accordance with Congress's intent, and it must find that Plaintiff is not entitled to punitive damages, because such damages do not "remedy" past discrimination, but rather, punish the Defendants. In making this argument, Defendants rely on the Western District of Kentucky's decision in Kittel v. C-Plant Federal Credit Union, No. 08-114, 2010 WL 2106680 (W.D. Ken. May 24, 2010). Because the issue has not been decided within this circuit, Defendants urge this Court to adopt the analysis proposed by the Kittel court on this issue, and to determine that Plaintiff is not entitled to punitive damages as a matter of law. With respect to Plaintiff's claims for attorneys' fees, Defendants argue that there is long standing United States Supreme Court authority which holds that attorneys' fees are not recoverable unless there is clear statutory authority awarding them. Defendants contend that 12 U.S.C. § 1790(b) does not provide for an award of attorneys' fees, thereby precluding Plaintiff's claim.

In response, Plaintiff asserts that there is no need for the Defendants to reurge summary judgment on Plaintiff's claims under

6

12 U.S.C. § 1831(j), 18 U.S.C. § 1513(e), and 31 U.S.C. § 5328, because those claims were clearly dismissed in this Court's previous ruling, and that portion of the Court's ruling was not appealed. Likewise, Plaintiff also argues that this Court is precluded from making any summary judgment findings as to Plaintiff's claim under La. R.S. 23:967 due to the Fifth Circuit's finding that material issues of fact exist as to Plaintiff's claim under that theory. Lastly, Plaintiff argues that she is entitled to punitive damages under federal law. Specifically, Plaintiff contends that the plain language of 12 U.S.C. § 1790(b) has given this Court the authority to "'take other appropriate actions to remedy past discrimination.'" Pl. Opp., Rec. Doc. 215, p. 18 (quoting 12 U.S.C. § 1790(b)(c)(a)(3)). Plaintiff argues that this authority is in addition to compensatory damages, not limited to compensatory damages. In particular, Plaintiff relies on three other district court holdings on this issue, which find contrary to the holding of the Kittel court.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).   When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.   Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so

sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

As a preliminary matter, the Court notes that Plaintiff's claims under 12 U.S.C. § 1831(j), 18 U.S.C. § 1513(e), 31 U.S.C. § 5328 remain dismissed as a matter of law. While this Court's previous order was vacated by the Fifth Circuit, it was vacated on other grounds and did not disturb this Court's previous dismissal of Plaintiff's claims under those legal theories. Likewise, with regard to Plaintiff's claims under La. R.S. 23:967, in keeping with the Fifth Circuit's ruling, this Court finds that material issues of fact exist, which preclude the

9

Court from granting summary judgment on Plaintiff's state law claims. Therefore, the Court denies Defendants' Motion for Partial Summary Judgment with respect to this issue and finds that Plaintiff's claims under La. R.S. 23:967 are preserved for trial. Likewise, the Court also notes that La. R.S. 23:967 provides for an award of attorneys' fees. La. R.S. 23:967 ("If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs."). Therefore, the Court finds that Plaintiff may recover attorneys' fees under her state law claims in the instant action.

Next, the Court addresses the question of whether the Plaintiff is entitled to punitive damages under 12 U.S.C. § 1790(b). Because the question of punitive damages is strictly a question of law, not a question of fact, it is appropriate for summary judgment. Int'l Ass'n of Machinists and Aerospace Workers, Dist. 776. v. Texas Steel Co., 538 F.2d 1116, 1119 (5th Cir. 1976) ("It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate."). Furthermore, in determining the damages that are available to a plaintiff, courts "presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise."

10

<u>Franklin v. Gwinnett Cnty. Pub. Schs.</u>, 503 U.S. 60, 66 (1992) (citing <u>Davis v. Passman</u>, 422 U.S. 228, 246-47 (1979)). 12 U.S.C. § 1790(b) provides, in pertinent part, that,

> If the district court determines that a violation of subsection (a) of this section has occurred, it may order the credit union or the Administration which committed the violation-
>
> (1) to reinstate the employee to his former position,
>
> (2) to pay compensatory damages, or
>
> (3) take other appropriate actions to remedy any past discrimination.

12 U.S.C. § 1790(b)(C).

In the instant case, Plaintiff argues that the statutory directive that the district court may "take other appropriate actions" indicates that Congress has expressly provided for an award punitive damages under 12 U.S.C. § 1790(b) or, at a

11

minimum, does not preclude awarding such a remedy. Conversely, Defendants argue that the statutory language "to remedy any past discrimination" restricts the broader language that Plaintiff relies on, and indicates that Congress has directed courts to *only* take actions that are more or less compensatory — remedying the past discrimination, not punishing the offender. The Court agrees with the Defendants' interpretation of the statute.

Black's Law Dictionary defines "remedy" as "[t]he means of enforcing a right or preventing or redressing a wrong." BLACK'S LAW DICTIONARY 1320(8th ed. 2004). Likewise, Merriam-Websters defines the word remedy as "something that corrects or counteracts" and/or "the legal means to recover a right or to prevent or obtain redress for a wrong." MERRIAM-WEBSTERS COLLEGIATE DICTIONARY 989 (10th ed. 1999). Thus, the aforementioned statutory language can properly be read as allowing the district court to "take other appropriate actions to [prevent, redress, correct, or counteract] any past discrimination." <u>See</u> 12 U.S.C. § 1790(b)(C)(3). As such, the question before this Court in determining whether Congress has expressly indicated that punitive damages can or cannot be awarded is: Do punitive damages serve the purpose of "preventing, redressing, correcting, or counteracting" *past* discrimination?

Traditionally, punitive damages are "awarded in addition to actual damages when the defendant acted with recklessness, malice, or deceit," and these damages are viewed as a "way of penalizing the wrongdoer." BLACK'S LAW DICTIONARY 418 (8th ed. 2004). The United States Supreme Court has stated that an award of punitive damages serves a distinct purpose from an award of compensatory damages. Cooper Indus. v. Leatherman Tool, 532 U.S. 424, 432 (2001). "[Compensatory damages] are intended to redress the concrete loss that plaintiff has suffered by reason of the defendant's wrongful conduct. [Punitive damages], which have been described as 'quasi-criminal,' operate as 'private fines' intended to punish the defendant and to deter *future* wrongdoing." Id. (emphasis added). Accordingly, it appears that punitive damages do not serve the purpose of redressing *past* discrimination as contemplated by Congress, but rather, are designed to prevent *future* actions that the defendant might take. Therefore, the Court finds that Congress did not contemplate an award of punitive damages in connection with 12 U.S.C. § 1790(b)(C), but rather, specifically restricted available remedies to those which remedy past conduct. In making this finding, the Court notes that it specifically disagrees with the interpretations of this statute presented in the cases cited by

13

the Plaintiff,[3] and, while it does not adopt the reasoning expressed by the <u>Kittel</u> court as requested by the Defendants, it does agree with that court's ultimate finding on this issue. As such, Plaintiff is precluded from recovering punitive damages in the instant action. For the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part**. To the extent that Defendants request that Plaintiff's state law claims be dismissed, their motion is **DENIED**. Likewise, to the extent that Defendants request that Plaintiff be precluded from recovering attorneys' fees, their motion is also **DENIED**. However, to the extent that Defendants request that Plaintiff's claims for punitive damages under 12 U.S.C. § 1790(b) be dismissed, their motion is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's motion in limine requesting that this Court allow Plaintiff to present evidence of punitive damages is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for punitive damages under 12 U.S.C. § 1790(b) are **DISMISSED with prejudice**.

---

[3] Plaintiff requests that this Court adopt the reasoning expressed in the following cases: <u>Averett v. Chicago Patrolman's Fed. Credit Union</u>, 2007 WL 952034 (N.D. Ill. 2007); <u>McNett v. Hardin Comm. Credit Union</u>, 2006 WL 2473000 (N.D. Ohio 2006); <u>Garrett v. Langley Fed. Credit Union</u>, 121 F. Supp. 2d 887 (E.D. Va. 2000); <u>Oldroyd v. Elmira Sav. Bank</u>, 956 F. Supp. 393 (W.D. N.Y. 1997), <u>vacated in part by</u>, 134 F.3d 72 (1998).

New Orleans, Louisiana this 3rd day of December, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE